Ketan D. Bhirud, Bar No. 10515
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th St NW #1000, Washington, DC 20004
Tel: 202.274.2950
Fax: 202.274.2994
Ketan.Bhirud@troutman.com

Todd Kennedy, Bar No. 6014
Maximiliano D. Couvillier, III, Bar No. 7661
KENNEDY & COUVILLIER
3271 E. Warm Springs Rd, Las Vegas, NV 89120
Tel: 702.605.3440
Fax: 702.625.6367
tkennedy@kclawnv.com
mcouvillier@kclawnv.com

Attorneys for Defendant Chris Palmer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| MICHAEL NAESSENS, | Case No. |
|---|---|
| Plaintiff, | State Case No. A-21-829745-C |
| v. | |
| CHRIS PALMER, | |
| Defendant | |

**NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

Under 28 U.S.C. § 1441, *et seq.*, Chris Palmer, the Defendant in this action, seeks removal of this action from the Eighth Judicial District Court for Clark County, Nevada, to the United States District Court for the District of Nevada. In support of this Notice of Removal, Defendant states as follows:

1.   Plaintiff pro se Michael Naessens initiated an action in the Eighth Judicial District Court for Clark County, Nevada, captioned *Michael Naessens v. Chris Palmer*, Case A-21-829745-C by filing a complaint on February 19, 2021. As required by 28 U.S.C. § 1446(a), a copy

of all process, pleadings, and orders are attached as **Exhibit 1**. For ease of reference, the Complaint is attached as **Exhibit 2** and included in **Exhibit 1**. Plaintiff bases his case on a February 21, 2021, article by Defendant in *The Philadelphia Inquirer*.[1] Notably, Plaintiff did not have a summons issued or served.

2. Defendant files this Notice of Removal within 30 days after receipt of an "other paper" from which it could "first be ascertained that the case is one which is or has become removable."[2]

3. The controversy which gives rise to the action brought in Nevada state court is one over which the United States District Court for the District of Nevada has original diversity jurisdiction under 28 U.S.C. § 1332 for the following reasons:

    a. Plaintiff identifies himself as a Nevada resident.[3]

    b. Defendant is a Pennsylvania resident.[4]

    c. The amount in controversy exceeds $75,000, exclusive of interest or costs, as established by July 29, 2021 email correspondence from Plaintiff.

4. The Complaint was not served with a Summons as required by Nevada Rule of Civil Procedure 4(c)(2) and as also required by the March 24, 2021 Order for Alternate Service issued in the case.[5] In addition, the Complaint was only served by email, even though the Order for Alternate Service required service of the Complaint (and Summons) by both email and by mail.[6] Given these service failures, Defendant's time to remove has not yet been triggered.[7]

---

[1] A copy of that article is attached as **Exhibit 3**
[2] 28 U.S.C. § 1446(b)(3).
[3] Compl. at ¶ 1.
[4] Compl. at ¶ 2.
[5] *See* Nevada Rule of Civil Procedure 4(c)(2) ("A summons must be served with a copy of the complaint."); **Exhibit 1** at Order for Alternate Service.
[6] *Compare* **Exhibit 1** at Mar. 24, 2021 Order for Alternate Service *with* **Exhibit 1** at July 20, 2021 Affidavit/Declaration of Service Under Penalty of Perjury.
[7] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 1324, 143 L. Ed. 2d 448 (1999) (holding that a defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after

Additionally, even if service were proper, the Complaint did not establish that Plaintiff was seeking more than $75,000.[8]  It was not until July 29, 2021, that Plaintiff asserted in an email to Defendant's Pennsylvania-based counsel, that the article caused him to "lose 30 months of accustomed income."[9] Given Plaintiff's level of education (an MBA from Drexel University) and his prior ownership of a successful bar in Philadelphia, Pennsylvania, Defendant believes that the alleged lost income exceeds $75,000.

5. True and correct copies of this Notice of Removal will be filed with the Eighth Judicial District Court for Clark County, Nevada, and served upon Plaintiff.

6. By this Notice of Removal, Defendant does not waive any defenses or objections, including those relating to service, jurisdiction, or venue. Defendant also intends no admission of fact, law, or liability and expressly reserves all defenses, motions, and pleas.

---

and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.).
[8] *See, e.g.*, Compl. at p. 3 (seeking "general damages and special damages in an amount in excess of $10,000").
[9] *See* July 29, 2021 email, attached as **Exhibit 4**.

WHEREFORE, Defendant requests this Court remove this action to the United States District Court for the District of Nevada.

By: /s/ Ketan D. Bhirud
Ketan D. Bhirud, Bar No. 10515
TROUTMAN PEPPER HAMILTON SANDERS LLP
401 9th St NW #1000,
Washington, DC 20004
Telephone: 202.274.2950
Facsimile:  202.274.2994
Ketan.Bhirud@troutman.com

Todd Kennedy, Bar No. 6014
Maximiliano D. Couvillier, III, Bar No. 7661
KENNEDY & COUVILLIER
3271 E. Warm Springs Rd
Las Vegas, NV 89120
Telephone: 702.605.3440
Facsimile:  702.625.6367
tkennedy@kclawnv.com

Attorneys for Defendant Chris Palmer

-5-

## CERTIFICATE OF SERVICE

I, Ketan Bhirud, declare under penalty of perjury under the law of the State of Nevada that on August 3, 2021, I deposited a true and correct copy of the preceding document in the U.S. Mail, postage prepaid, addressed to:

Michael Gerard Naessens
304 S. Jones Blvd #457
Las Vegas, NV 89107

Dated: August 3, 2021             /s/ Ketan D. Bhirud
                                  Ketan D. Bhirud, Bar No. 10515