UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL NAESSENS,<br><br>         Plaintiff(s),<br><br>v.<br><br>CHRIS PALMER,<br><br>         Defendant(s). | Case No. 2:21-cv-01440-JAD-NJK<br><br>**ORDER TO SHOW CAUSE** |

The Court may address its subject matter jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction exists when, *inter alia*, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Conclusory allegations as to the amount in controversy are insufficient" to support removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (*per curiam*). To determine the amount in controversy on removal, courts may consider the facts alleged in the complaint and in the notice of removal, and may also "require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson*, 319 F.3d at 1090-91. "[D]istrict courts can make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable, and may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Muego v. Cassalata*, 2020 WL 806357, at *1 (D. Nev. Feb. 18,

2020). Courts will not find a sufficient showing to establish subject matter jurisdiction that consists merely of a plaintiff's "bold and optimistic prediction" as to the amount at stake. *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000).

The notice of removal in this case indicates that the amount in controversy is more than $75,000 based on an email from Plaintiff that he has not been receiving his "accustomed income." Docket No. 1 at 3; *see also* Docket No. 1-4 (email). Given Plaintiff's education level and prior ownership of a bar, Defendant then states that he "believes that the alleged lost income exceeds $75,000." Docket No. 1 at 3. The Court finds such a statement to be insufficient and, instead, an evidentiary showing must be made.

Accordingly, Defendant is hereby **ORDERED** to show cause in writing, by August 18, 2021, why this case should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: August 4, 2021

_____
Nancy J. Koppe
United States Magistrate Judge